IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,                ) | |
| )           | |
| Plaintiff,           ) | **ORDER** |
| )           | |
| vs.                         ) | |
| )           | |
| Juanita White Shield,                  ) | Case No. 1:21-cr-193 |
| )           | |
| Defendant.           ) | |

Defendant is charged in an Indictment with the offense of assault with a dangerous weapon. (Doc. No. 1). The court ordered her detained following a detention hearing, finding that the United States had met its burden in demonstrating that there are not presently any alternatives to detention that would reasonably ensure defendant's appearance at future proceedings or the safety of community. (Doc. 20). The court did, however add her name to the waiting list for a residential reentry placement. (Id.).

On September 20, 2022, defendant filed a motion requesting the court to reconsider its detention order. (Doc. No. 21). She advises that, since her detention hearing, she had secured a placement at A.I.R. Recovery and Rehab, a sober living home in Minot, North Dakota. She requests to be released to A.I.R. Recovery and Rehab subject to any other conditions that the court may deem appropriate.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Consequently, "to reopen a detention hearing a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, show that such information is material to and has a substantial bearing on whether he should remain detained." United States v. Rolenc, No. 20-CR-137 (NEB/ECW), 2021 WL 211253, at *5 (D. Minn. Jan. 21, 2021).

Having reviewed the record, the court is presently disinclined to "reopen" the detention hearing or to otherwise reconsider its detention order. While the information provided by defendant in her motion is new, it does not have a material bearing on her danger or risk of flight. At close of the detention hearing, the court advised that could revisit the issue of defendant's detention if space becomes available for her at a residential reentry center as such a placement was the only viable alternative to incarceration. A.I.R. Recovery and Rehab does not have the structure, security, or supervision of a residential reentry center. It also lacks a treatment component. Consequently, it does not meet the criteria of what the court would consider an approvable and appropriate release option given defendant's criminal history and history of noncompliance with court-ordered conditions. As an aside, the court notes that defendant appears to have a bench warrant that is still active. Defendant's motion for reconsideration of the court's detention order (Doc. No. 21) is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2022.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court